RECEIVED
IN ALEXANDRIA, LA
JUN 17 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN BILLIOT | CIVIL ACTION NO. 07-1920 |
| versus | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA, ET AL. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the court is a motion to dismiss [R. 10] filed by defendants United States of America, Chief Judge Alex J. Koromilas, Judge David Gerson, Alternate Judge James A. Haynes, Tim Egbuchunam and Frances Memmolo (hereinafter "Defendants") on April 15, 2008. This motion was set for hearing before the undersigned on the court's May motion calendar.[1] Pursuant to the notice provided to the parties, plaintiff's memorandum in opposition was due May 1, 2008 and any reply by defendants ten (10) days thereafter. Plaintiff's counsel requested an extension of time to file a response in this matter due to plaintiff's unfortunate death on April 24, 2008. The court granted counsel's request and ordered that the deadline for plaintiff's memorandum in opposition be reset for May 31, 2008.[2]

On Monday, June 9, 2008, the court's law clerk contacted plaintiff's counsel after noting that no opposition was filed in accordance with the new May 31st deadline. Plaintiff's counsel

---

[1] R. 11.

[2] R. 13.

1

ensured the clerk that he would file an opposition or other motion no later than Wednesday, June 12, 2008. As of the date of this judgment, plaintiff's counsel has neither filed an opposition, nor requested further extension of time to file. Having exhausted all delays, plaintiff's counsel is no longer entitled to file briefs in this matter and, accordingly, the court views the motion before us as unopposed.

Federal courts are courts of limited jurisdiction.[3] The party asserting the court's jurisdiction over a particular matter has the burden of proving it exists.[4] In cases where plaintiff seeks relief against the United States, it is incumbent upon him to demonstrate an express waiver of sovereignty applicable to his cause.[5]

Plaintiff seeks injunctive relief from a pending determination of benefits under the Federal Employees' Compensation Act (hereinafter "FECA").[6] FECA provides the exclusive remedy for injuries sustained by federal employees in the performance of their duties.[7] Determinations of benefits entitlement under FECA are within the jurisdiction of the Secretary of Labor and are not subject to review by this court.[8]

Defendants, while arguing that such exception is inapplicable, note that a narrow exception to the Secretary's exclusive jurisdiction exists for claims alleging a "substantial

---

[3] Hashemite Kingdom of Jordan v. Layale Enterp., S.A., 272 F.3d 264, 269 (5th Cir. 2001).

[4] Pettinelli v. Danzig, 644 F.2d 1160 (5th Cir. 1981).

[5] Lewis v. Hunt, 492 F.3d 565 (5th Cir. 2007).

[6] 5 U.S.C. § 8101, et seq.

[7] 5 U.S.C. § 8102(a).

[8] 5 U.S.C. § 8128(b).

cognizable constitutional claim," such that a district court would have limited jurisdiction.[9] To the extent that such exception exists, this court finds that plaintiff has failed to state such a constitutional violation in this case. Plaintiff asserts that his constitutional rights were violated because he was deprived of a hearing and evaluated by a non-board-certified physician. We view these as mere collateral attacks on the decision-making authority reserved expressly to the Secretary which do not amount to "substantial cognizable constitutional claims." Moreover, the Secretary has made no final determination of benefits in his case and plaintiff's claims under FECA are pending.

Having filed no opposition to this motion, plaintiff has clearly failed to meet his burden of proving that this matter falls within the subject matter jurisdiction of this court.

For the reasons expressed above, noting the absence of opposition from plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that defendants' motion [R. 10] is GRANTED and, accordingly, all claims by plaintiff against defendants are DISMISSED with prejudice.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this 17th day of June, 2008.

                                                    JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] R. 10-2 at p. 8.