

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN BILLIOT | CIVIL ACTION NO. 07-1920 |
| versus | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA, ET AL. | MAGISTRATE JUDGE KIRK |

## ORDER

In consideration of the communication received by this court from plaintiff's counsel[1], revealing that, despite plaintiff's unfortunate death more than one month ago, no successor has been appointed in this matter, plaintiff's counsel is hereby

ORDERED to file a motion for reconsideration of this court's judgment, issued June 17, 2008 within ten (10) days of the date of that judgment pursuant to Fed. R. Civ. P. 59(e), setting forth law and argument in support thereof. It is further

ORDERED that plaintiff's counsel appoint, by motion, a successor to plaintiff's suit within ninety (90) days of April 30, 2008, the date on which the court was provided with a statement noting plaintiff's death, as provided in Fed. R. Civ. P. 25. Failure to timely seek substitution shall result in the dismissal of the claims at issue.

ORDERED that plaintiff's successor file, no later than fifteen (15) days after appointment by this court, any opposition it may deem appropriate to defendants' motion to

---

[1] A copy of that communication is attached to this order.

1

dismiss. Failure to respond in opposition shall result in dismissal of the claims at issue.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this 18th day of June, 2008.

                                       JAMES T. TRIMBLE, JR.
                                       UNITED STATES DISTRICT JUDGE



"Brad Drell" &lt;bdrell@goldweems.com&gt;
06/18/2008 08:50 AM

To &lt;Elizabeth_Randall@lawd.uscourts.gov&gt;
cc &lt;karen.king@usdoj.gov&gt;
bcc
Subject Billiot

Elizabeth:

I received the court's order dismissing my client's claim.  However, the court was without authority to proceed with my client's case pursuant to FRCP 25.  See Younts v. Freemont County, 370 F.3d 752 (2d Cir. 1998).  Turns out I didn't need the motion for extention of time to begin with and needed to merely serve a notice of death.  Under the rule, I should have ninety days to substitute a successor presumably from the date I gave notice of death to the court and opposing counsel by filing the motion for extention of time.

I have court this morning, but will you be in this afternoon to discuss the matter?  I'll need to do something to revive the suit.  I am also in discussions with the AUSA on the case on what to do, since we still don't have the autopsy report which may moot the entire thing.  I am copying this email to opposing counsel, Karen King, so that we can see what her availability might be for such a telephone conference.

Thanks.

Brad


Bradley L. Drell
Gold, Weems, Bruser, Sues & Rundell
(318)445-6471